ARGUED AND DETERMINED

IN THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS.

---

WILLIAM D. PICKMAN *vs.* TRINITY CHURCH.
SAME *vs.* SAME.

Suffolk. Nov. 24, 1876. — June 26, 1877. GRAY, C. J., did not sit.
Ames, J., absent.

A. agreed in writing to buy and B. to sell a lot of land on a street, lying between
land previously sold by B. and land of C., at a certain price per square foot. **B.**
caused the land to be surveyed, and A., supposing the survey to be correct, paid
the price agreed for the number of square feet ascertained by it. The deed to A.
stated as the consideration a sum which was equal to the number of feet, multiplied
by the price stated in the agreement; and purported to give with accuracy the
length of all the lines with the number of square feet in the lot, and bounded it on
one side by C.'s land. Whether the number of square feet conveyed was equal
to or less than stated in the deed, depended upon the question whether B. or C.
owned a strip of land lying between lots admitted to be owned by them respect-
ively, and which was conveyed in the deed from B. to A. *Held*, that if C. in fact
owned the strip, an action for money had and received, to recover back part of the
price paid, could be maintained, and that a bill in equity could not.

THE FIRST CASE was an action of contract for money had and
received to recover $1311.57, alleged to have been paid by the
plaintiff to the defendant by mistake. Answer, a general denial.

At the trial in the Superior Court, before *Wilkinson*, J., with-
out a jury, the plaintiff offered to prove the following facts:

In February, 1874, the defendant made a written agreement with the plaintiff to sell and convey to him, at the rate of $27 a square foot, a piece of land on Summer Street in Boston, bounded and described as follows : " All that lot of land bounded southerly on Summer Street, lying between the land sold by said corporation to Browning and Pickett and the land now or late of Thorndike, and extending northerly from said Summer Street to land of trustees under the will of Joshua Sears." The defendant caused the land to be surveyed, and informed the plaintiff that it contained seven thousand one hundred and twenty-six square feet, and that the price at $27 a square foot, under the agreement, was $192,402. The defendant also caused a deed to be executed conveying the land to the plaintiff, in which the consideration was stated to be $192,402, and the land was bounded and described as follows : " All that parcel of land in said Boston, bounded southwesterly on Summer Street, 55.81 feet ; northwesterly in part on land now or late of Thorndike and partly on land of trustees under the will of Joshua Sears, 145.73 feet ; northeasterly on land of the said trustees under the will of Joshua Sears, 41.34 feet ; and southeasterly on land of said corporation, by a line parallel to the northwesterly line of Hawley Street, as recently established, and thirty feet distant therefrom, 148.90 feet. Containing seven thousand one hundred twenty-six square feet." The covenants in the deed were limited to the lawful claims and demands of persons claiming by, through or under the grantor. The line of the land upon Summer Street was, in fact, eight inches shorter than that given by the deed, and the contents of the land were in consequence 48.57⅔ square feet less than those given by the deed. The line in which the plaintiff contended that this error occurred is measured from the land of Thorndike, on the northwest, to the line thirty feet distant from the side of Hawley Street, and parallel therewith on the southeast ; and the plaintiff fixed the boundary of the land of Thorndike by the southeasterly face of a wall. The plaintiff paid the defendant $192,402, and the deed was delivered to him in March, 1874. About two months afterwards the plaintiff prepared to build on his land, and then first discovered the deficiency in measurement and quantity.

The defendant contended that the land of Thorndike was eight inches northwesterly from the place fixed by the plaintiff, that is, on the northwesterly face of the wall; that the length of the line upon Summer Street and the contents of the land were correctly given by the deed; and that the whole of the land covered by said wall had been the property of the defendant, and passed to the plaintiff by the deed; and asked the judge to rule that the action could not be maintained, because it was an action to try the title of real estate. The judge so ruled, and ordered judgment for the defendant.

No question was raised as to the correctness of the measurements of the line on Summer Street, between the points taken by the defendant as its bounds, or as to the computation of the area from those elements. The question was whether the land of Thorndike extended to the northwesterly or southeasterly side of the wall.

The plaintiff alleged exceptions to the foregoing ruling.

THE SECOND CASE was a suit in equity, in which the bill alleged the same facts, and prayed that the defendant might be compelled to pay to the plaintiff the sum of $1311.57, and interest, and for further relief. The answer contained a demurrer, that the plaintiff was not entitled to relief, for the following reasons: 1. That there was no error or mistake in measurement or calculation alleged, but only a partial failure of title, against which the plaintiff was not protected by the agreement or deed. 2. That the matters alleged in the bill might be tried and determined at law. 3. That the court had not jurisdiction of a bill praying for the payment of a sum of money, except as ancillary to a prayer for specific performance, or some other relief.

Hearing before *Devens*, J., who reserved the case on the bill and demurrer for the consideration of the full court.

*F. E. Parker & J. L. Thorndike*, for the plaintiff.

*J. C. Ropes & W. P. Blake*, for the defendant. 1. The only foundation of the plaintiff's claim is that a strip of land, covered by a wall and forming a portion of the land which the defendant conveyed or undertook to convey to the plaintiff, was the property of Thorndike, and not of the defendant, and did not pass to the plaintiff by the defendant's deed. If the strip belonged to the defendant, as the defendant contends, then it

must have passed by the deed, and the plaintiff has no case. The sole question is whether the land now belongs to the plaintiff or to Thorndike. The decision of the case, therefore, involves a question of the title to real estate; and it is a settled principle of law that such a question cannot be tried in an action for money had and received. *Lindon* v. *Hooper*, Cowp. 414. *Brigham* v. *Winchester*, 6 Met. 460. *Codman* v. *Jenkins*, 14 Mass. 93. 2 Chit. Con. (11th Am. ed.) 907. See also *Newsome* v. *Graham*, 10 B. & C. 234; *Miller* v. *Miller*, 7 Pick. 133; *Bigelow* v. *Jones*, 10 Pick. 161; *Tamm* v. *Kellogg*, 49 Misso. 118; *Carpenter* v. *Stilwell*, 3 Abbott Pr. 459.

2. The case of *Williams* v. *Hathaway*, 19 Pick. 387, is decisive of the case at bar, on a different ground. It was there held, that when a deed is executed in pursuance of a contract for the sale of land, all prior proposals and stipulations are merged in the deed; and therefore that an action cannot be maintained for the recovery of the agreed price per foot, when it turns out that the number of feet conveyed is less than the number which the defendant had agreed to convey. In this view of the case, the plaintiff's sole ground for relief, supposing his claim to be true, would be on the covenants for title contained in the defendant's deed, if any. But this action is not brought on such covenants. *Smith* v. *Evans*, 6 Binn. 102. *Dorsey* v. *Jackman*, 1 S. & R. 42. *Earle* v. *De Witt*, 6 Allen, 520.

COLT, J. The plaintiff in each of these cases seeks to recover money paid to the defendant corporation as part of the consideration for a deed of land which proved deficient in the quantity agreed to be conveyed. The first case is an action at law for money had and received. It was tried by the court without a jury. The plaintiff offered to prove, in substance, that he agreed in writing to buy and the defendant agreed to sell an estate on Summer Street, lying between land which it had previously sold to other parties and land of Thorndike, at twenty-seven dollars by the square foot; that the defendant caused the land to be surveyed, and the plaintiff, believing the survey to be correct, paid the price agreed for the number of square feet ascertained by it; that the deed to him purported to give with accuracy the length of all the lines with the contents of the lot, and bounded it on the northwest by Thorndike's land; that the

line on Summer Street was in fact shorter, and therefore the contents of the estate less than stated in the deed, and that the last named line should have been measured from the southeast face of a wall, which was the true boundary of Thorndike's land, instead of the northwest face as claimed by the defendant.

The evidence thus offered shows that the quantity of land was made an essential element of the bargain, and was relied on to fix the price to be paid. There is nothing in the terms of the deal, such as the use of the words "more or less," or equivalent words, which has any tendency to show that the parties, at the time of the delivery of the deed, changed the terms of the original bargain, or agreed to take the land conveyed at the estimated instead of the actual quantity; on the contrary, the deed is entirely consistent with and carries out the original bargain.

It presents the case of a payment by the plaintiff under a mistake of a material fact; that is to say, of a fact without the existence of which there was no obligation upon the plaintiff to pay the full sum which was paid. For such a payment, an action for money had and received will lie.

It was ruled, at the request of the defendant, that the action could not be maintained, because it was an action to try the title to real estate. The law is indeed well settled that such title cannot be tried in an action for money had and received. But in this case the facts do not warrant the application of that rule. The question here is not one of title between these parties to the land conveyed, but of the subject matter described in the agreement and in the deed which followed it. The proposition of the plaintiff is that the land for which he paid is not included in the conveyance. An action on the covenants of title and warranty, if there are any, can afford him no redress; for the covenants in a deed extend only to the land conveyed. *Spurr* v. *Benedict*, 99 Mass. 463.

The defendant chose to bound the estate conveyed by it on the line of Thorndike's land. By the terms of the deed, his line was made a monument which controls the distances given and the quantity of land stated. In *Howe* v. *Bass*, 2 Mass. 380, where land was conveyed bounding on a street for a distance named and on each side by lands of other persons, it was held that all the land between the lots named passed, although the

distance was sixty-five feet on the street where the deed called for only forty-five, and this because the lands referred to as monuments must govern the distances named. And when land is described in a deed as running a certain distance by measurement to land of the heirs of a person deceased, though without a visible boundary marking the line, such line is of itself a monument which will control the admeasurement, and fix the extent of the land conveyed. *Flagg* v. *Thurston*, 13 Pick. 145. See also *Curtis* v. *Francis*, 9 Cush. 427, 438; *Gerrish* v. *Towne*, 3 Gray, 82, 87.

The question in this case then is where the line called for by the deed is. But the evidence which fixes that location does not establish or defeat the title of Thorndike, who is not a party to the suit, although an inquiry into his title is involved. It does not establish or defeat any title of the defendant; it only ascertains the limits of land conveyed by it to the plaintiff by a valid and unquestioned deed. The title of Thorndike is incidentally involved, but is not, accurately speaking, put in issue. The rule referred to does not prevent an action for money had and received in many cases which require an investigation of title. Thus the deposit made on an agreement to purchase real estate may be recovered back on proof that the title is bad. Sugden on Vendors, (14th ed.) 358. And the vendor cannot sue the vendee on the contract of purchase, unless he has shown or offered to show a good title, if bound so to do. 1 Chit. Con, (11th Am. ed.) 424. *Eames* v. *Savage*, 14 Mass. 425. The right to recover in these cases depends on the title, and yet they are not cases in which the title is tried, within the meaning of the rule. The reasons upon which the rule is founded apply only when the parties to the suit claim the land by adverse titles. Thus in *Codman* v. *Jenkins*, 14 Mass. 93, it was held that a common count for rent would not lie in favor of a stranger who claimed title, or by one of two litigating parties; and in *Bigelow* v. *Jones*, 10 Pick. 161, that a party who was disseised could not maintain assumpsit to recover of a disseisor money received for trees sold by him; while in *Miller* v. *Miller*, 7 Pick. 133, a tenant in common was permitted to recover for trees sold by his co-tenant, on the ground that there was no controversy about the title of the parties. *Brigham* v. *Winchester*, 6 Met. 460.

Upon the evidence offered in this case, there was as much a mistake of fact as if the chain used to measure the lines had been found imperfect, or there had been a miscount when the money was paid over. This action is to recover the money only. To establish his right, the plaintiff needs no form of equitable relief; his remedy is perfect at law. The claim for damages is not to be confounded with that compensation which is awarded as incidental to other relief, in cases where a specific performance is decreed upon the application of either party to a contract for the sale of land, with an allowance to be made for deficiency in quantity.

The case of *Tarbell* v. *Bowman*, 103 Mass. 341, is not distinguishable in principle from the case at bar. There the length of one of the lines was incorrectly given in the deed, and the area of the land was incorrectly computed. The defendant was decreed in equity, (no question of jurisdiction having been raised,) to repay to the purchaser the amount paid by mistake.

But the defendant relies on the case of *Williams* v. *Hathaway*, 19 Pick. 387, which was assumpsit to recover back money paid by the plaintiff on the purchase of land, on account of deficiency in quantity. That case was decided upon rules of evidence not applicable here. The court declared that it appeared by the deed itself that the plaintiff paid a certain sum of money for the whole of the land described and identified, and that it must be understood from the deed, either that it was in fact measured, or that the parties were content to estimate it at the quantity named in the deed. It was accordingly held that all prior stipulations were merged in the deed, which must be held to express the final and entire contract between the parties. It is elsewhere said, by good authority, that whenever it appears by definite boundaries, or by words of qualification as "more or less," or "by estimation," or the like, that the statement of the quantity of acres in the deed is mere matter of description and not of the essence of the contract, the buyer takes the risk, if there be no element of fraud. 4 Kent Com. 467. *Stebbins* v. *Eddy*, 4 Mason, 414. In *Williams* v. *Hathaway* it appears that the land was estimated at fifteen acres, and was struck off to the plaintiff on that estimate for a price named by the acre. It does not appear that it was not surrounded by permanent and

well marked natural or artificial boundaries, and all that the case decides is that where the deed declares, in express or equivalent words, that the quantity of land is estimated, it cannot be shown to contradict it that exact quantity was an essential element of the bargain. In other words, it may be shown by the terms of the conveyance that the precise quantity previously contracted for was waived. It is familiar law that the consideration named in the deed may be shown by parol evidence not to be correctly stated. In the case at bar, there is certainly nothing in the deed to vary the terms of the previous contract as to the price to be paid, and the consideration stated therein is not decisive.

The plaintiff's remedy at law is adequate and complete, and the entry in the first case must be *Exceptions sustained.*

The other case is a bill in equity to recover the same money. No ground is stated for any relief peculiar to courts of equity. For the reasons above stated, the judgment is

*Bill dismissed.*