HORMISDAS CARDINAL *vs.* BENJAMIN HADLEY.

Middlesex.   January 17, 1893. — March 3, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Oral Evidence — Mistake in Consideration of Deed — Right to recover Overpayment — Waiver.*

Oral evidence is admissible to show that a mistake was made in the computation of the consideration of a deed; and the grantee's right to recover the amount which he has overpaid is not waived by his acceptance of the deed, or by his payment, after the discovery of the mistake, of a note which he gave as part of the consideration of the deed, and which was received by the grantor as cash.

CONTRACT for money had and received. The answer was a general denial, payment, and accord and satisfaction. At the trial in the Superior Court, without a jury, before *Thompson*, J., it appeared in evidence that the plaintiff purchased a lot of land in Everett of the defendant, receiving therefor a warranty deed in which the consideration was stated as one dollar. The judge allowed the plaintiff to introduce oral evidence, against the defendant's objection, that the plaintiff purchased the premises in question from the defendant by the foot, and not for a lump sum, and the defendant excepted. It appeared in evidence, and was uncontradicted, that before the making of the deed the plaintiff and the defendant went upon the land, and the plaintiff

was shown the premises and examined the same, and that the parties computed the number of feet therein, and the judge found that the plaintiff agreed to buy the land at eleven and one half cents a foot. What the plaintiff computed and stated the number of feet to be, at eleven and one half cents a foot, would come to the sum which the plaintiff paid.

There was no question but that the plaintiff got all the land that was shown him, and that it was agreed that he should have. It also appeared in evidence that part of the consideration paid the defendant was a note, which was received by the defendant as cash. It also appeared that before this note was paid the plaintiff had the land measured, and ascertained that the number of feet in the lot was not as many as was computed and stated by the defendant. There was no claim on the part of the plaintiff of any fraud by the defendant, or that the land conveyed was not all the land contained within the boundaries shown to the plaintiff by the defendant.

The defendant asked the judge to rule: 1. That the plaintiff by taking the deed offered in evidence as the deed received by him, waived all right to maintain the action. 2. That the plaintiff by taking the deed waived all right to maintain the action because of the failure of the piece of land to contain the exact number of feet he thought the piece ought to contain. 3. That the plaintiff by taking the deed had thereby, in absence of fraud, waived all right to object to the failure of the deed to contain the exact quantity of land named therein. 4. That the plaintiff by taking the deed waived all right to maintain this action for failure of the deed to give him the number of feet he expected the piece of land to contain. 5. That the plaintiff could not show by oral evidence that the defendant orally agreed that the price of the land was to depend upon the number of square feet contained in the parcel conveyed. 6. That upon the competent evidence offered the action cannot be maintained.

The judge declined so to rule, and found for the plaintiff; and the defendant alleged exceptions.

*F. M. Davis*, for the defendant.

*H. Dunham*, for the plaintiff.

BARKER, J. 1. The exceptions to the admission of oral evidence, and to the refusal to rule that the plaintiff could not

show by such evidence that the price of the land was to depend upon the number of square feet in its area, must be overruled. It was long since declared by this court to be well settled, that both the statement of consideration in a deed and the recital of its payment may be varied and controlled by parol evidence. *Gale* v. *Coburn,* 18 Pick. 397, 401. *Clapp* v. *Tirrell,* 20 Pick. 247, 250. See also *Wallis* v. *Wallis,* 4 Mass. 135; *Wilkinson* v. *Scott,* 17 Mass. 249, 257; *Preble* v. *Baldwin,* 6 Cush. 549, 553; *Paige* v. *Sherman,* 6 Gray, 511, 513; *Miller* v. *Goodwin,* 8 Gray, 542; *Egan* v. *Bowker,* 5 Allen, 449; *Pickman* v. *Trinity Church,* 123 Mass. 1, 8.

2. The plaintiff did not waive his right by accepting the deed. He bought land by the square foot, and in fixing the sum to be paid the area was not estimated, but was computed, and a mistake against him was made in the computation. In ignorance of the mistake, he paid the sum so computed, and after discovering the mistake brought his action to recover the amount overpaid by reason of the mistake.

The case is easily distinguished from those upon which the defendant relies to show a waiver of the right of action by accepting the deed. In *Williams* v. *Hathaway,* 19 Pick. 387, the land was sold by the estimated area. *Pickman* v. *Trinity Church, ubi supra,* cited by the defendant, is a plain authority against him. In that case the mistake was not one of computation, but arose from a misapprehension as to the title of a strip of land covered by a wall. *Lewis* v. *Jewell,* 151 Mass. 345, was an action for false representations of quantity in a sale of carpets, and has no bearing on the present case, turning only on the question as to whether the purchaser used due diligence in relying on the representations of the seller. The case also differs from that of *Noble* v. *Googins,* 99 Mass. 231, because there the price was an entire sum, in fixing which no regard was had to the area, while in the case at bar the quantity of land was made an essential element of the bargain. The case at bar is analogous to the cases of *Paige* v. *Sherman,* 6 Gray, 511, *Tarbell* v. *Bowman,* 103 Mass. 341, and *Pickman* v. *Trinity Church, ubi supra,* in each of which the price depended upon the area, and was erroneously fixed and paid under a mistake of fact. Because the agreement here was not for an entire

sum, and the quantity of land was an essential element of the bargain, and fixed the price to be paid, the plaintiff did not waive his right to recover the money paid by mistake by accepting a deed which was silent as to the quantity of land, although the description was by monuments, and also by measurements stated to be "more or less." The deed shows clearly enough that no other land was intended than the lot within the monuments, but has no tendency to show that the parties agreed that its area was as computed by them when fixing the sum to be paid for the land. It has no bearing on the present issue.

3. The payment of the note after the discovery of the mistake is no bar to the action. It was originally received as cash, and its amount is not stated. There is nothing to show that it would not have been given if there had been no mistake. The defendant has not been harmed by its payment, and the plaintiff was not compelled to expose himself to a suit by attempting to set off against it his present cause of action.

*Exceptions overruled.*