JAMES F. M. FARQUHAR *vs.* ROBERT FARQUHAR.

Middlesex.    January 10, 11, 1907. — February 28, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Pleading, Civil,* Declaration. *Contract,* Implied: common counts. *Equity Jurisdiction,* Mistake. *Evidence,* Extrinsic affecting writings. *Practice, Civil,* Verdict, New trial.

Where a declaration contains two counts alleging false representations whereby the plaintiff was induced to make a contract in writing, of which a copy is annexed, and also a third count, alleged to be for the same cause of action, for money had and received, with a bill of particulars annexed containing numerous items made up on the basis of an oral agreement alleged to have been made at a date two days earlier than the date of the agreement in writing referred to in the first and second counts, but not referring to the agreement, the third count is not bad on demurrer, as the allegation that it is for the same cause of action as the other counts does not incorporate the agreement in writing as a part of the third count, and under that count it is open to the plaintiff to prove the oral agreement on which it is based in case the agreement in writing is not proved.

One who has purchased a business under a contract in writing for a sum of money named in the contract cannot maintain an action for money had and received against the seller to recover a part of the sum paid on the ground that there was a mistake in the computation of the value of the business by which the price was fixed. If there was such a mistake the purchaser's only remedy is a suit in equity to reform or set aside the contract.

A party to a contract of sale in writing cannot contradict it as to the price to be paid.

Where a declaration contains two counts alleging false representations whereby the plaintiff was induced to make a certain contract in writing, and also a third count, alleged to be for the same cause of action, for money had and received, and at the trial of the action the presiding judge instructs the jury, that if the plaintiff fails on the first and second counts they are to consider the third count, and says "if we find that you report your verdict on the third count, by your silence on the other counts, we shall infer that your verdict is favorable to the defendant on the first and second counts," and if the jury return no verdict on the first or the second counts but return a verdict for the plaintiff on the third count, which upon exceptions to the rulings of the presiding judge is set aside by this court, the new trial granted on sustaining the exceptions will not be limited to the third count, as the jury may have rendered no verdict on the first and second counts for the reason that they failed to agree on those counts.

LORING, J.　Before June 26, 1896, James Farquhar the plaintiff, Robert Farquhar the defendant, and their brother John were partners in the business of seedsmen. On that day James and John sold to Robert their interest in the business, not including the good will, on the basis of the whole business being worth $45,000. James and John immediately took measures to open a competing seed store. Between August 3, 1896, and August 7, 1896, negotiations were carried on between James and Robert (John being then in Europe) for the sale by Robert of his business to James and John, or to James alone. James testified and the auditor found that on August 5 James agreed to buy and Robert agreed to sell the business on the basis of the sale of June 26 (exclusive of cash and good will) and that the amount due on that basis was to be ascertained by a clerk employed by Robert, by the name of Nilsson. On August 7, Robert presented several papers showing the amount due to be about $30,000, and the written agreement of August 7, 1896, was written out and signed. Robert testified that he never agreed to sell on the basis of the sale of June 26, the necessary changes by reason of subsequent transactions being computed by Nilsson; that he drew off the figures presented as an estimate, which were referred to more or less in the negotiations,

and finally a trade was struck for $30,000 and the agreement of August 7 was written out and signed.*

Some three years afterwards the plaintiff discovered that the figures had not been made by Nilsson, and that there were mistakes which the auditor found amounted to $7,506.32. He thereupon brought this action.

The declaration contains three counts.

In the first the plaintiff counts on a false and fraudulent representation, to wit, that the statement was made by Nilsson and that it was an accurate statement of the defendant's doings in the business after June 26, by which representation he was induced to pay the defendant $30,000 for the business.

In the second he counts on the same false and fraudulent representation, and here alleges that he was thereby induced to enter into the written contract of August 7, 1896.

The third is a count for $8,751.90, money had and received to the plaintiff's use. The bill of particulars annexed to the third count contains one hundred and forty-five items, and is a statement made up on the basis on which the auditor found that the defendant agreed to sell and the plaintiff to buy on August 5, 1896.

A demurrer to the third count was filed by the defendant and overruled. To this the defendant excepted.

---

* This agreement was as follows :

"Boston, August 7th, 1896.

" To Mr. James F. M. Farquhar,
      17 Merchants Row,
        Boston.

" I hereby agree to sell and make over to my brother James F. M. Farquhar, (in order to prevent the disgrace and growing rivalry of brothers divided) my entire business as it stands tonight for the sum of thirty thousand dollars excepting only that cash on hand and cash in banks shall belong as from this day only, to me and is not included in above sale. It is also understood and agreed that a bonus of not less than five thousand dollars shall be paid me. Papers to pass and payment of the thirty thousand dollars in cash or satisfactory securities to be made within two months from date. The bonus to be paid within five years. I hereby agree not to rival you in the seed business for three years.

                               " Robert Farquhar."

" I accept the above offer and agree to the conditions.

                               " James F. M. Farquhar.

" Aug. 7th, 1896."

At the trial the defendant asked the presiding judge to rule as to the third count "that in considering any liability of the defendant under the same, the only contract between the parties was that in writing dated August 7, 1896, the counsel for the defendant stating to the judge that the ground for such request was that in the absence of fraud, all the preceding oral negotiations and statements as to the terms of the contract, made by the parties thereto must be taken to have been merged in the instrument of August 7, 1896."

This was refused by the judge, and the defendant excepted. The judge instructed the jury in substance that if the agreement was an agreement to sell on a computation to be made by Nilsson and there was an error in the computation, the plaintiff could recover under the third count the amount of that error. But if the agreement made by and between the plaintiff and the defendant was an agreement to sell for $30,000 arrived at not by computation under a preceding agreement but as the result of trading and dickering the plaintiff could not recover even if $30,000 was more than the assets were worth. To this charge so far as it was inconsistent with the ruling requested the defendant excepted.

The judge in the course of his charge told the jury that "if you find that the plaintiff has not made out his case on the first and second counts, you will reach this third count, which we have just been considering, and if you find that the plaintiff prevails, if your conclusion is that the case is made out upon the first and second counts, you do not have to consider the third count; but if the plaintiff fails in the first and second counts, the misrepresentation counts, then you come to consider the third count. If he established his case, in your judgment, on the basis that I have laid down as essential, then you find for the plaintiff for the amount of the mistake, if computation was the basis, and you specify in your verdict that it is on the third count, and if we find that you report your verdict on the third count, by your silence on the other counts, we shall infer that your verdict is favorable to the defendant on the first and second counts."

The jury returned a verdict for $7,506.32 on the third count, with interest from December 22, 1900.

1. The demurrer was rightly overruled. The defendant's argument in support of his demurrer is that the contract of August 7 was an entirety; that it has not been rescinded, and that the third count is an effort to recover back one or more of the items which went to make up this $30,000. The basis for this argument lies in the contention that by the allegation that the third count is for the same cause of action as the first and second counts the plaintiff alleges that the cause of action sued on in the third count grows out of the written contract of August 7, 1896, a copy of which is annexed to the second count and referred to therein. But this contention is altogether groundless.

The purpose of inserting in one declaration several counts for the same cause of action is to state the plaintiff's claim in as many ways as the pleader thinks wise in view of the fact that he is not certain just what the case will be when made out by proof at the trial. Each count purports to state a separate cause of action, whether it is inserted for the same or for different causes of action, and therefore the allegations of one count are not to be imported into another count unless that is done in terms. For all we can know the only purpose of inserting the third count in this declaration was to provide for the contingency of the written contract of August 7 not being made out by proof and the oral contract testified to by the plaintiff and found by the auditor being proved. Had that been the result of the evidence the plaintiff could have recovered the sums found due by the auditor and the third count would have been the proper declaration for a plaintiff to file who had that case.

2. The ruling asked for should have been given, and the instructions to the jury which were excepted to were wrong.

When the plaintiff and the defendant on August 7 reduced to writing the agreement which they finally reached as the result of the previous negotiations, that writing superseded all the previous negotiations and oral agreements, if any, and became the statement of the trade ultimately made.

If the plaintiff was induced to enter into this written agreement by false and fraudulent representations on the part of the defendant as to the statement having been made by Nilsson and being correct, his remedy, or one of his remedies, was to recover

damages for having been induced to supersede the previous nego-
tiations and oral agreements by the written contract; in other
words, to bring the action set forth in the second count.

But if there was a mistake in the figures set forth in that
statement but no false and fraudulent representation, the plain-
tiff's only remedy was to have the written contract set aside in
equity on the ground of mistake. He has no remedy at law.
Until that contract is set aside on the ground of mistake it con-
tains within its four corners the statement and the only state-
ment of the obligations ultimately entered into by the plaintiff
and the defendant.

The plaintiff has sought to escape from this conclusion, by
invoking the rule that the consideration stated in a deed (*Cardi-
nal* v. *Hadley*, 158 Mass. 352) is not conclusive. But that rule
is not applicable here. The reason why the statement of the
consideration in a deed is not conclusive is because it is not the
purpose of a deed to set forth the agreement of the parties as to
the price paid for the thing conveyed. The statement in a deed
of the consideration for the conveyance thereby made is a refer-
ence to a fact, not the statement of a contract. So far as a deed
states the terms of the conveyance it is as binding as any other
written contract. *Edison Electric Illuminating Co.* v. *Gibby
Foundry Co.*, *ante*, 258.

What the defendants set up here is that by the written con-
tract of purchase and sale the price to be paid was $30,000 and
not such sum as Nilsson should find to be due on the basis of
the settlement of June 26, allowing for subsequent transactions.
A party to a written contract can no more contradict that con-
tract as to the price to be paid than he can contradict it as to
the thing sold. The rule that the consideration in a deed is not
conclusive throws the parties back on the contract in pursuance
of which the deed was given. In the case at bar the written
agreement of August 7 was and is that contract.

The defendant's next contention is that the written contract
of August 7 was a transfer or bill of sale of the business made
in pursuance of the previous oral agreement of August 5. But
that contention is contradicted by the terms of the written in-
strument of August 7, which purports to be an agreement and
not a transfer; it in terms makes the provision: "Papers to

pass and payment of the thirty thousand dollars in cash or satisfactory securities to be made within two months from date." More than that the written transfer in the form of an indenture dated August 21, 1896, made in pursuance of this agreement was introduced in evidence.

We have examined all the cases cited by the plaintiff. They go no further than to support his right to recover in the absence of the written agreement of August 7, which, as we have said, he could have done on the findings made by the auditor.

3. The defendant has asked us to limit the new trial to a trial on the third count. He bases this contention on the fact that the judge instructed the jury that " if the plaintiff fails in the first and second counts," they were to consider the third count, and " if we find that you report your verdict on the third count, by your silence on the other counts, we shall infer that your verdict is favorable to the defendant on the first and second counts."

The return of a verdict on the third count under this charge well might have been ground for a motion to have the jury asked by the judge whether they had found for the defendant on the first and second counts, and if they said that they had, to have them amend their verdict and render one for the defendant on those two counts. But this was not done. No verdict has been rendered on those counts. For all we know no verdict was rendered on the first and second counts because the jury did not agree on those counts.

> *Exception to order overruling demurrer overruled; exception to charge to jury sustained.*

*S. C. Darling,* for the defendant.

*G. L. Mayberry,* (*L. K. Morse* with him,) for the plaintiff.