## CITY OF MARLBOROUGH *vs.* SARAH SNOW.

Middlesex.    May 23, 1938. — November 2, 1938.

Present: FIELD, C.J., DONAHUE, DOLAN, & COX, JJ.

*Equity Jurisdiction*, Reformation, Mistake.  *Evidence*, Extrinsic affecting writing.  *Deed*, Reformation.

On evidence warranting findings that through mutual mistake the sum recited as the consideration paid in an assignment by a city of a tax title included an amount received, not by the treasurer, but by the tax collector as payment of the taxes for certain years, it was proper in equity to reform the assignment by reducing the recited consideration by that amount.

Parol evidence is admissible to show that the actual consideration for a deed was different from the consideration recited in it.

BILL IN EQUITY, filed in the Superior Court on June 4, 1937.

The case was heard by *Walsh*, J., and in this court was submitted on briefs.

*D. W. Jacobs*, for the defendant.

*J. J. Ginnetti*, City Solicitor, for the plaintiff.

Cox, J.   The plaintiff in this bill in equity asks that the instrument of assignment of a tax title be reformed and corrected "so that the consideration therein shall be $2,115.34 and not $3,137.24."   The case was tried together with the case of *Snow* v. *Marlborough, ante,* 422, in which the main facts are set out.   The tax title in question is that therein referred to as the 1931 tax title.   In this suit the trial judge found that the consideration for the tax title in question was $2,115.34, and reported the case to this court upon the stipulation that "if I was in error such decree should be entered as equity and justice requires.   Otherwise decree entered upon my findings be affirmed."   No decree, however, was entered.   See G. L. (Ter. Ed.) c. 214, § 31.   In his "Report of Facts" he finds "that said instrument of assignment should be reformed and corrected setting forth the consideration paid in . . .

[that] sum . . . ." He also found that the sum of $1,021.90, which was included in the amount originally inserted in the instrument of assignment as its consideration, represented the amount of taxes assessed upon the property in question for the years 1934 and 1935; that the amounts of these taxes were paid for the owner on October 6, 1936, by or through counsel for Snow; and that receipts were given therefor.

All the evidence is reported, and it is our duty to examine it and decide the case according to our own judgment, giving due weight to the findings of the judge whose decision, based wholly or in part upon oral evidence, will not be disturbed unless plainly wrong. *Malden Trust Co.* v. *Brooks,* 291 Mass. 273, 279. *Markiewicus* v. *Methuen,* 300 Mass. 560. There is no occasion to restate the familiar and governing principle of law as to the reformation of written instruments on the ground of mistake. See *Perkins's Case,* 278 Mass. 294, 301. Upon conflicting oral testimony, the judge could have found, as he did, that a mutual mistake existed, and we cannot say that this finding was not warranted upon the evidence. The total amount which was paid by Snow was $3,362.02. It is not disputed that $224.78 of this amount was the consideration for the assignment of the 1930 tax title. As to the remainder of this total sum which was paid, it was open to the judge to find that $1,021.90 was received by Osgood, not as treasurer, but as tax collector, and in payment for the taxes for the years 1934 and 1935; that he delivered two tax collector's receipts to Snow or her attorney for these payments and entered the payments upon the tax collector's books. From the judge's finding it is evident that he did not believe other testimony, to the effect that it was agreed that Snow would and did pay $3,137.24 for the second tax title, that is, for the tax title of 1931.

As a practical matter, the statement of the consideration in the instrument is not necessarily conclusive. Oral evidence is admissible to show that a mistake was made in the computation of the consideration so stated. In the case of *Cardinal* v. *Hadley,* 158 Mass. 352, the consideration in the plaintiff's deed was stated to be $1.00, and he

was allowed to recover from his grantor a sum which represented the difference between what the plaintiff actually paid and what he should have paid if a mistake had not been made in computing the price of the land which was conveyed. In the case of *Farquhar* v. *Farquhar*, 194 Mass. 400, 405, the court, in discussing the rule stated in *Cardinal* v. *Hadley*, above, said: "The reason why the statement of the consideration in a deed is not conclusive is because it is not the purpose of a deed to set forth the agreement of the parties as to the price paid for the thing conveyed. The statement in a deed of the consideration for the conveyance thereby made is a reference to a fact, not the statement of a contract. So far as a deed states the terms of the conveyance it is as binding as any other written contract."

In accordance with the terms of the report, decree is to be entered in accordance with the order therefor, with costs.

*Ordered accordingly.*