*Northern District*

No. 4625

**JOSEPH LALIBERTE**

**v.**

**THOMAS W. FARRELL**

(March 23, 1953)

*Brooks, J.* This is an action of contract for breach of a written agreement dated June 30, 1946, whereby defendant gave plaintiff an *option to buy* five acres of land in Wilmington, Massachusetts, for $1,000 within one year. Defendant was to give title within that year provided plaintiff tendered the purchase-price. Plaintiff was under no obligation to take up the option and he made no initial deposit. The answer is general denial. Defendant also filed a declaration in set-off.

One week before the expiration of the year, plaintiff paid defendant $500 and made an oral agreement with him that the remaining $500 was to be paid in installments of $25 a month plus interest. Accordingly, $27 was paid one month later, namely, on July 23, 1947. Written receipts were given for both payments, the $500 receipt specifying that it was down payment on land in Wilmington. No more payments were made.

During the trial of the case, plaintiff was asked on direct examination why he failed to make the August payment. Over objection of defendant, plaintiff testified that he was told by one Gallo, owner of adjoining land, that he, Gallo, owned a portion of the premises included in the agreement between plaintiff and defendant in which portion was an artesian well in a structure which plaintiff expected to occupy and which straddled the line between defendant's premises and those owned by Gallo. There was other evidence, according to the report, that the well was on Gallo's land.

Plaintiff further testified over objection of defendant that as the result of a talk with Gallo he made no further payment to defendant. In September plaintiff bought from Gallo ten acres of land adjoining defendant's premises, including the well in question. Thereupon, he demanded from defendant the return of $527 which defendant refused to pay back.

The defendant filed Requests for Rulings, all but two of which were denied. Of those denied, three only are relied on by defendant as having been improperly denied. They are as follows:

1. The plaintiff has declared on a written agreement and to recover he must show compliance with the terms contained therein.

5. The deed to the defendant dated July 5, 1940, containing approximately five acres of land, the plans Exh. 8 and 9, together with his testimony that he

still owns the land, is sufficient to satisfy that portion of the written option which identifies the land to be conveyed as "5 acres of land, as staked out between the parties."

11. The evidence shows a payment of $27 by the plaintiff after the expiration date of the written option declared on by the plaintiff thereby disclosing a new agreement between the parties constituting a variance between the pleadings and the evidence and the file must be for the defendant.

The court found for the plaintiff in the sum of $527. and interest and for this same plaintiff in the declaration in set-off.

Considering first the matter of the allegedly improper admission of plaintiff's testimony concerning Gallo's statement to him about the ownership of the property, while the statement was clearly hearsay, its admission was not prejudicial to defendant since other evidence admitted without objection established the important fact that the well was on the Gallo premises. That, in the judge's opinion, justified plaintiff's refusal to go through with the agreement to purchase defendant's land. Plaintiff's statement that his refusal was due to this circumstance was not necessary to his case. Furthermore it is doubtful if defendant properly protected his right of appeal by failing to claim a report on the judge's adverse ruling.

Secondly, — defendant entered into a written agreement which, just prior to its expiration, was replaced by a different and oral agreement although covering the same premises. Whatever the legal status of the oral agreement, it was clearly an attempt at substitution for, rather than extension of, the written agreement. There was no breach of the written agreement as the evidence shows. If there was a breach of any agreement, it was of the oral agreement. There was, therefore, a variance between the pleadings

and the evidence, as alleged in defendant's eleventh Request for Rulings. It was, therefore, prejudicial error to have denied this request, also the first request.

However, here appears to have been a mutual mistake of fact on a vital matter. This made the contract voidable. Restatement of Law of Contracts §§ 13 and 502. Plaintiff elected to void the contract by demanding back his deposit. This he was entitled to recover in Equity. *Shapiro* v. *Wildey Savings Bank,* 213 Mass. 498. *Golding* v. *108 Longwood Ave.,* 325 Mass. 465, 468, and under appropriate pleadings at law — *Cardinal* v. *Hadley,* 158 Mass. 352.

Finding for Plaintiff is vacated and the case is remanded to the trial court for a new trial with leave to amend the declaration.

For Plaintiff: Abraham M. Kamenash.

For Defendant: Robert L. Weiner, Joseph B. Clancy.