Martin, J.
This is an appeal from a forfeiture action. The forfeiture action was brought pursuant to G.Lc. 257, §7, which provides:
If the libellant maintains his action, the court shall decree a forfeiture and sale of the distribution of the proceeds, or other appropriate disposition thereof. If he fails to maintain it, the court shall decree a restitution of the property to the claimant.
The libellant-appellee Joaquim (“Appellee”) maintained the action and the trial court ruled in his favor and ordered the forfeiture of the property to and for the use of the Commonwealth of Massachusetts. The claimant-appellant (“Claimant”) appeals the ruling contending:
1. The denial of his motion to dismiss was error;
2. The denial of his motion for required finding was error;
3. The denial of judgment based upon rulings of law was error;
4. The denial of his motion to amend judgment was error.
Before addressing the claimant’s arguments, a brief statement of the facts leading to the dispute is necessary. The appellee is an environmental police officer of the Massachusetts Division of Law Enforcement The claimant is the owner of a 17 foot Boston Whaler boat, ordered to be forfeited to the Commonwealth. On 6 April 1989 at 10:45 p.m., the appellee observed two persons in a boat, in waters of Massachusetts designated as Cole River, performing motions which suggested that they were harvesting shellfish. This area had been deemed contaminated and closed to shellfishing by the Division of Marine Fisheries. The activity continued for approximately two and one-half hours. The appellee joined with Rhode Island patrol officers and proceeded to the area of surveillance. A chase ensued between the officers and the boat which was under surveillance. The chase ended in Rhode Island waters and the occupants of the boat were placed under arrest Upon seizure of the boat, freshly harvested shellfish were found. The boat seized, a 17 foot Boston Whaler, is the subject of this action.
The claimant’s first contention of error in the trial court is the denial of his motion to dismiss. His motion to dismiss was premised upon the belief that the appellee exceeded the scope of his powers by making the arrest in Rhode Island waters and therefore the search and seizure of the boat was unlawful and further, that the Massachusetts courts lacked jurisdiction to hear the matter. In support of the court’s denial of the claimant’s motion to dismiss, is G.Lc. 130, §15Aand Rhode Island statute §20-1-19. Contained within these statutes, Massachusetts and Rhode Island have *130 promulgated rules of reciprocity for the arrest and punishment of persons found committing environmental law crimes in the coastal waters of each state. G.Lc. 130, §15A entitled “Reciprocal Enforcement of Laws Relating to Marine Fisheries” provides:
Any game protector, fish and game warden, coastal warden, conservation officer or other person who is empowered to make arrests for violations of the conservation or marine fishing laws of the state of New Hampshire or of the state of Rhode Island may pursue any person found fishing in the coastal waters of such state in violation of the marine fishing laws thereof into adjacent coastal waters of this commonwealth and there arrest him and take him into such other state for the purpose of prosecuting him for such violation; provided, that such other state shall have enacted legislation giving substantially similar authority to the conservation officers, coastal wardens and other appropriate officers of this commonwealth in violation of the marine fishing laws thereof.
Rhode Island General §20-1-19 entitled “Powers of Enforcement of Officers in Waters Between States” provides in part:
If and when... the commonwealth of Massachusetts... shall enact similar laws for the arrest and punishment for violations of the conservation or fish laws of this state or the state so enacting the similar law, committed or attempted to be committed by any person or persons fishing in waters lying between the states, any wildlife protector, fish warden, or other person of either state who is authorized to make arrests for violations of the conservation or fish laws of that state shall have power and authority to make arrest on any part of waters between the states or the shores thereof and to take any person or persons so arrested for trial to the state in which the violation was committed and there to prosecute the person or persons according to the laws of that state.
Both statutes were considered by the court when it addressed the motion to dismiss. The court took notice of the feet that the appellee, in accordance with these reciprocal statutes, had the power to pursue the claimant’s boat from Massachusetts waters into Rhode Island waters and therein, arrest the occupants. The court found that said violation did, in fact, occur within Massachusetts waters. There was sufficient competent evidence presented that allowed the court to conclude that the initial harvesting took place in Massachusetts waters. The evidence presented was the appellee’s testimony of the location of the violation, more specifically, “Cole River halfway between the Gardner’s Neck Marina and Gardner’s Neck” and further “all of these locations are in Swansea, Massachusetts.” The testimony was visually aided with a chalkwhich depicted the area involved, the location of the Massachusetts and Rhode Island boundaries, and the location of the violation. It can reasonably be concluded that the appellee did operate outside the boundaries of Massachusetts but within thepurviewoftihereciprocal statutes. This had the effectof maintaining, intact, his police powers, thereby making his arrest in Rhode Island waters lawful and seizure of the boat proper.
The claimant’s second contention of error is the denial of his motion for required finding. The basis for his contention is the belief that insufficient evidence was presented to allow the situs of the alleged illegal activity, as well as the location of the marine boundary to be determined. We affirm the lower court’s denial of the claimant’s motion for required finding. At the trial, the judge found that sufficient evidence existed to determine that the alleged illegal activity occurred in Massachusetts waters. Not only was the testimony of the appellee, an environmental police officer for two years and a veteran police officer with the City of Fall River for twelve years, before the court but the appellee utilized a chalkwhich depicted all pertinent geographical points, including Massachusetts/Rhode Island boundaries and the situs of the alleged activity. The correctness of the trial judge’s findings has been the *131 subject of many Massachusetts cases. “The general and special findings of the judge must stand if supported by the evidence and the legitimate inferences which might have been drawn therefrom. The general finding is conclusive if there is any evidence to support it” Snow v. Marlborough, 301 Mass. 422, 425-426 (1938). Dueweightwas given to the findings of the judge “whose decision, based wholly or in part upon oral evidence, will not be disturbed unlessplainly wrong.” Marlborough v. Snow, 301 Mass. 429, 430 (1938). Even where there was conflicting oral testimony, a judge could find one way as long as that finding was warranted upon the evidence. Id.
In recent years the standard has been that “on appeal, [the reviewing court] may not set aside findings of fact ‘unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.’” First Pennsylvania Mortgage Trust v. Dorchester Savings Bank, 395 Mass. 614, 621 (1985), quoting from Mass. R. Civ. P. 52(a), 365 Mass. 816 (1974). The question for the appellate court is whether “on the entire evidence it is left with the definite and firm conviction that a mistake has been committed.” Id. “What this means is that [the judge’s] findings 'come here well armed with the buckler and shield....” In addition, the “burden is squarely on the appellant to show an appellate court that a finding is clearly erroneous.” Id. at 622.
Here, as in First Pennsylvania Mortgage Trust v. Dorchester Savings Bank, the trial judge was “‘in a superior position to appraise and weigh the evidence.’” First Pennsylvania Mortgage Trust v. Dorchester Savings Bank, 395 Mass. 614, 624 (1985). Moreover, “‘a judge who has seen and heard the witnesses is in a better position to determine their credibility than is a court which is confined to the printed record.’” Berry v. Kyes, 304 Mass. 56, 57 (1939), Hamed v. Fadeli, 27 Mass. App. Ct. 234, 242 (1989). Finally, ““where there are two permissible views of the evidence, the factfinder’s choice between them cannot be clearly erroneous.’” Edinburg v. Edinburg, 22 Mass. App. Ct. 199, 203 (1986). In the claimant’s Requests for Required Findings, the lower court specifically denied that insufficient evidence existed to warrant a finding that the alleged offense occurred or the cause of action arose within the jurisdiction of the court and further denied that there existed insufficient evidence to support a finding that the alleged offense occurred or the cause of action arose within the jurisdiction of the court (Nos. 10 & 11). Clearly, the claimant’s belief of insufficiency of evidence is unfounded.
In response to the claimant’s third contention of error, we affirm the court in holding that the claimant was not entitled to judgment upon the rulings. The claimant’s avowal is premised upon certain requests which were allowed as correct statements of law thereby establishing that the appellee possessed the burden of proving both that the illegal activity occurred within the Commonwealth and the location of the marine boundaiy. The claimant contends that the appellee has not met this burden. Without further dissertation on this matter and as aforementioned in discrediting the claimant’s second contention of error, we hold that the appellee met his burden.
The claimant’s final contention of error is the denial of his motion to amend judgment This assertion is premised upon the claimant’s belief that the court ruled insufficient evidence existed to support either a finding of lawful seizure or a finding of proper subject matter jurisdiction. Consequently, the claimant believes that the denial of the Motion for Required Finding is inconsistent and in error and therefore his motion to amend judgment should be allowed. We affirm the denial of the claimant’s motion to amend judgment. The claimant’s belief that the courtruled there to be insufficient evidence is erroneous. The lower court denied the motion for required finding having ruled that sufficient evidence existed to support the finding that the alleged illegal activity occurred in Massachusetts waters, thereby conferring jurisdiction on Massachusetts. Further, in denying his motion to dismiss, the court ruled there to be sufficient evidence to validate the seizure. There exists no inconsistency on the record.
*132 However, we must keep in mind that the central issue in dispute here is whether the forfeiture of the property was proper. Regarding the forfeiture of the boat seized, there exists both statutory law, as well as a plethora of common law, permitting the forfeiture of property used in criminal activity. The court addressed this same issue in Comm. v. One 1972 Chevrolet Van, 385 Mass. 198 (1982), in which it stated: “... we in no way intend to suggest that the forfeiture of property used in criminal activity is an inappropriate means of punishing and discouraging crime." G.L.c. 130, §9, provides in part:
The director, his assistants, a natural resource officer or deputy or a member of the state police may, without a warrant, search any boat, vessel, fish car, bag, box, locker, package, crate, any building other than a dwelling house, any motor vehicle, or any other personal property in which he has reasonable cause to believe, and does believe, that fish taken, held, kept, possessed, transported or held for transportation or sale in violation of the law, may be found, and may seize any such fish there found, and may seize any boat, vessel, fish car, bag, box, locker, package, crate, any motorvehicle as defined in section one of chapter ninety, or other vehicle, or any other personal property used in violation of the laws relative to marine fisheries and hold the same for forfeiture.
Further, G.Lc. 130, §12, states in part
All fish unlawfully taken, held, possessed or dealt with contrary to any provision of this chapter or of any rule or regulation made under authority thereof, and all boats, vehicles and apparatus used therein, may, in addition to any or all of the penalties contained therein, be seized, libelled and forfeited to the commonwealth.
As mentioned, this action is further buttressed by common law. Comm. v. Intoxicating Liquors, 107 Mass. 396 (1871); Comm. v. Certain Motor Vehicle Industrial Finance Co., 261 Mass. 504 (1928); Comm. v. One 1977 Pontiac Grand Prix Automobile, 375 Mass. 669 (1978); Comm. v. One 1978 Ford Van, 11 Mass. App. Ct. 760 (1981) . The rationale behind the forfeiture action is that the property has been deemed “guilty” of the said violation. This action has passed constitutional muster as espoused by the United States Supreme Court in Calero-Toledo v. Person Yacht Leasing Co., 416 U.S. 663, 94 S. Ct. 2080, 40 L. Ed. 2d 452 (1974).
For the aforementioned reasons, the forfeiture of the defendant’s vessel is upheld and the report dismissed.