N. J. MAGNAN COMPANY *vs.* ROBERT J. FULLER & others.
ROBERT J. FULLER & others *vs.* N. J. MAGNAN COMPANY.

Bristol.    October 25, 1915. — February 8, 1916.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Contract,* Performance and breach, In writing. *Evidence,* Extrinsic affecting writings, Admissions, Excluded provisionally, Photographs. *Agency,* Scope of employment. *Practice, Civil,* Conduct of trial: provisional and temporary exclusion of evidence.

Where a building contractor, without fraud or misrepresentation on the part of any one, has made a contract in writing, simple, direct and unambiguous in its provisions, by which he agrees "to supply the material and do the construction of a grand stand . . . in accordance with" certain "plans and specifications" which were open to his inspection, and which contains no agreement by the other

parties to the contract that the plans and specifications were suitable and proper, he cannot justify a refusal to completely perform the contract on the ground that the plans and specifications are unsuitable and improper and that a grand stand erected in accordance with them would not be safe.

Correspondence between the parties to a simple, direct and unambiguous contract in writing previous to its execution and having to do with a matter which was not included in the contract is not admissible in evidence in an action upon the contract.

A building contractor, who agreed to construct a grand stand in accordance with certain plans and specifications drawn up and submitted by a certain engineer, and who abandoned the contract after the breaking of a portion of the structure in the process of construction because he contended that the plans and specifications were unsuitable and improper and that a grand stand erected in accordance with them would be unsafe, in an action of contract sought to recover for work performed and materials furnished before such abandonment; and it was *held* that he could not introduce in evidence at the trial of such action a statement in the nature of an admission as to the cause of the break, made by the engineer who drew up the plans and specifications, without proving that the engineer had authority to make such an admission from the other parties to the contract. In this case, moreover, it did not appear that any adequate offer of proof of the statement was made, so that the plaintiff was not shown to have been harmed by the exclusion of the statement.

Nor in such a case is a letter by the engineer to his employers, the defendants, stating his opinion of the facts as to and the causes of the break in question, admissible in evidence where it appears that the engineer was living and that he could be called to testify or his deposition might be taken.

It is within the discretionary power of a judge in the conduct of a trial to exclude evidence temporarily and provisionally until he can consider further what ruling he shall make upon it, giving to the party offering the evidence permission to renew his offer of it later; and no exception lies to an exclusion of such a character.

TWO ACTIONS OF CONTRACT, the first count of the declaration in the first action alleging that the plaintiff, a corporation engaged in the business of a contracting builder, entered upon the performance of a contract in writing with the defendants for the construction of a concrete grand stand, described in the opinion; that at a certain point in the construction a concrete slab broke because of defects in the design, plans and specifications of the defendants' engineer and without any fault on the part of the plaintiff; that thereupon the plaintiff refused to perform the contract further unless the defendants furnished a new and proper design, plans and specifications and unless a reasonable allowance was made to it for the additional cost entailed under the circumstances; that the defendants refused to comply with the plaintiff's conditions, that the plaintiff ceased work, and that there was due to it at the

time of its cessation of work the sum of $737. A second count of the declaration in the first action declared for work, labor and materials performed and furnished, and a third count was for money had and received by the defendants to the plaintiff's use. The second action was by the defendants in the first action against the plaintiff therein to recover for its failure to carry out the contract above described. Writs dated respectively March 23 and May 28, 1912.

The entire contract, except the date and the signatures, was as follows:

"Contract between N. J. Magnan Co. of the first part and a committee composed as follows: R. J. Fuller, E. N. Babcock, J. L. Thompson, W. T. McBride and Joseph Irvine of the second part.

"N. J. Magnan proposes to supply the material and do the construction of a grand stand on Columbia Field [in North Attleborough] in accordance with the plans and specifications drawn up and submitted by Engineer, J. E. Judson.

"N. J. Magnan Co. agrees to do this work for the sum of $1,530.00, payments to be made as follows:

"(1.) $500.00 when the forms are erected.

"(2.) $500.00 when the roof has been erected.

"(3.) The balance $530.00 September first, 1911.

"(4.) If cash is in hand this last payment may be partially anticipated."

In the Superior Court the cases were tried together before *McLaughlin,* J. The material evidence and the contentions of the parties are described in the opinion. At the close of the evidence, the amount of damages in the second action having been agreed upon, the judge ordered a verdict for the defendants in the first action and a verdict in the sum of $500 for the plaintiff in the second action. The N. J. Magnan Company alleged exceptions, including the exceptions relating to the admission of evidence which are described in the opinion.

*W. J. Brown,* for the N. J. Magnan Company.

*J. W. Cummings,* (*C. R. Cummings & J. W. Nugent* with him,) for Fuller and others.

RUGG, C. J. The N. J. Magnan Company, hereafter referred to as the contractor, made a written agreement with Robert J.

Fuller and four others, hereafter called the committee, "to sup-
ply the material and do the construction of a grand stand on
Columbia Field in accordance with the plans and specifications
drawn up and submitted by Engineer, J. E. Judson." The
grand stand was to be made of concrete.

1. After the contract had been partially performed, a concrete
slab, which was an important part of the structure, broke when
its supports were removed. Thereupon, the contractor refused to
complete the contract in accordance with the original plans and
specifications, but was ready and offered to finish the structure
provided a new and suitable design and specifications for the slab
were furnished. The contractor proffered evidence to show that
its reason was that it had consulted engineers and had been advised
that the original plans and specifications were unsuitable and im-
proper, and that a grand stand erected in accordance therewith
would not be safe. Testimony to support this engineering view was
offered. The judge ruled in substance that the reason and the evi-
dence were not an excuse for failure to complete the contract. This
ruling was right. When one enters into a contract with a builder
to erect a structure in accordance with plans and specifications,
which are open to inspection, without express provision touching
the subject, there is no implied warranty or agreement on the
part of the owner, in the absence of circumstances which by
necessary intendment are the equivalent of a warranty or agree-
ment, that the work can be done according to the plans and
specifications, or that, if so done, it will be safe. It is the duty
of one who proposes to enter into a building contract to examine
the contract, plans and specifications, and to determine whether
it is possible to do the work before entering into the engage-
ment, or to insist upon some stipulation covering that matter.
If, without a special agreement upon that point, he makes a
general contract without fraud or mutual mistake, he has bound
himself to do the work. If it turns out that he has agreed to do
something which is impossible or impracticable, he cannot for
that reason alone refuse to go forward. Having made his con-
tract, he must fulfil it or bear the consequences of a breach.
*Rowe* v. *Peabody*, 207 Mass. 226, 234, and cases there collected.
*Winston* v. *Pittsfield*, 221 Mass. 356. *Thorn* v. *Mayor of London*,
1 App. Cas. 120.

The contract in the case at bar is simple, direct and unequivocal. It contains no stipulation on the part of the committee that the grand stand could be completed or that it would be safe when completed. There are no circumstances revealed in the record which constitute an implied guarantee to this effect. The undertaking of the contractor is unqualified that he will complete the grand stand "in accordance with the plans and specifications." The evidence offered and excluded constituted no excuse for failure to perform the contract.

2. As the damages in the action of the committee against the contractor were agreed, it is not necessary to consider the bearing of the excluded evidence in that connection.

3. The letter from the treasurer of the committee to the contractor, as to the presence of an inspector upon the work, rightly was excluded. It was written before the contract was signed and hence must be presumed to have been a preliminary which was not embodied in the contract. *Gaston* v. *Gordon*, 208 Mass. 265, 269. Moreover, it does not appear to have any bearing on the issues.

4. The testimony as to the statement of Judson, the engineer of the committee, made after the breaking of the concrete slab "with reference to the work that had not been completed," rightly was excluded both because no adequate offer of proof was made and because there was nothing to indicate that the statement was made by an agent of the committee acting within the scope of his authority. Admissions respecting past events commonly are not within the power of an agent. *Hathaway* v. *Congregation Ohab Shalom*, 216 Mass. 539, 544.

5. The letter from Judson to the committee as to the cause of the breaking of the slab was excluded rightly. It was simply an expression of opinion about a past event. It was not under oath. If the substance was material, he should have been called as a witness or his deposition taken.

6. There was no ground for exception in the temporary and provisional exclusion of the testimony as to conversation with the engineer over the telephone with regard to the removal of the forms, the judge saying, "I will give the matter a little further consideration, then you may renew your question later. I am not clear that I have ruled correctly on that matter." This

was not a definitive and final ruling. The matter was not again called to the attention of the judge. This was within the discretion of the judge as to the conduct of the trial. It stands on the same footing as evidence received *de bene* with the privilege to the objecting party of moving later that it be stricken out. *Commonwealth* v. *Johnson*, 199 Mass. 55, 59. *Clarke* v. *Fall River*, 219 Mass. 580, 586. The failure of the plaintiff to direct the attention of the judge to the point later commonly deprives the party offering such evidence of an exception. Besides, no offer of proof was made, and hence it does not appear that the plaintiff was harmed. *Cook* v. *Enterprise Transportation Co.* 197 Mass. 7, 10.

7. The admission of photographs, not as evidence but as "chalks," for the purpose of illustrating to the jury the general condition, was within the discretion of the judge. *Everson* v. *Casualty Co. of America*, 208 Mass. 214, 219.

In each case let the entry be

*Exceptions overruled.*