BEACON TOOL & MACHINERY COMPANY *vs.* NATIONAL PRODUCTS MANUFACTURING COMPANY.

Suffolk.     December 8, 1924. — April 16, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Contract,* In writing, Performance and breach, Implied. *Evidence,* Extrinsic affecting writing. *Practice, Civil,* Appeal from district court, New trial.

A contract in writing between a mechanic and the owner of a press provided that the mechanic, upon a delivery to him of the press, with whatever feeding attachments and other parts the owner then had on hand, agreed to reconstruct the press, "fitting it with all necessary dies, punches and devices so that when completed it would automatically perform" certain work therein set forth, and to complete the work not later than a certain date for a specified price. The date for performance and the price afterwards were changed by agreement. The plaintiff did not perform the contract, and, in an action for work performed under its provisions, alleged that the design of the machine was faulty and that construction in accordance with the design was mechanically impossible; and at the trial of the action introduced evidence to that effect, which was controverted. *Held,* that

(1) The contract as set out in the record was absolute and unconditional in its terms;

(2) Even though the difficulties in the way of performance of the contract according to its provisions were insuperable, the court could not relieve the plaintiff from the absolute bargain which he saw fit to make, and he must perform the contract or fail in the action;

(3) The facts were not such as to permit recovery on a *quantum meruit;*

(4) The contract could not be enlarged by oral evidence concerning previous or contemporaneous discussion;

(5) There was no evidence of subsequent change as to the nature of the main obligation resting on the plaintiff.

Where, after a trial of an action of contract in a municipal court, the judge finds for the plaintiff and reports the action to the Appellate Division, who make an order for a new trial from which the plaintiff appeals, and there is a second trial, at which the judge finds for the defendant, the plaintiff, if he desires to bring to this court the question of the propriety of the order for a new trial from which he has appealed, should again have the case reported to the Appellate Division by the judge who presided at the second trial and should appeal from a further unfavorable decision by the Appellate Division, if it occurs. In the present action, the plaintiff's contentions were considered on their merits and were overruled, although he caused no report to be made to the Appellate Division after the result of the second trial; but *it was stated* that in that respect the case should not be taken as a precedent.

CONTRACT for $1,363.12, the value of labor performed in an attempt to fulfil the requirements of the contract described in the opinion. Writ in the Municipal Court of the City of Boston dated December 3, 1921.

The declaration as amended was in two counts. The first count was based on the contract described in the opinion and alleged that the plaintiff was excused from full performance by reason of a failure by the defendant "to furnish the necessary plans and specifications agreed upon" and because "the design is faulty and it is mechanically impossible to construct the machine to work according to the contract." The second count was upon an account annexed for labor.

At the first trial in the Municipal Court, the defendant asked for a ruling that "Upon all the evidence the defendant is entitled to a finding," which was refused and there was a finding for the plaintiff, and the case was reported to the Appellate Division, who made an order for a new trial from which the plaintiff appealed. Material evidence shown by the report of the trial judge is described in the opinion. The action then again was tried in the Municipal Court, and there was a finding for the defendant. There was no report of this trial to the Appellate Division.

*G. W. Reed,* for the plaintiff.

*W. M. Silverman,* for the defendant.

RUGG, C.J. This is an action of contract, brought in the Municipal Court of the City of Boston. It relates to work

done by the plaintiff upon a machine owned by the defendant known as a "No. 19 Bliss Press with attachments." It is stated in the report that a "contract was drawn by the plaintiff and the defendant dated May 9, 1921, whereby the plaintiff, upon the delivery of the said press with whatever feeding attachments and other special parts the defendant then had on hand as shown to the plaintiff, agreed to reconstruct the same, fitting it with all necessary dies, punches and devices so that when completed it would automatically perform certain work therein set forth, and to complete the work not later than June 20, 1921, the consideration to be five hundred ($500) dollars. Subsequent to the time the machine was delivered to the plaintiff, it was found that the experimental work could not be completed within the period stated either in respect to time or for the amount specified, and the defendant thereupon agreed to pay Five hundred dollars ($500) in addition thereto for the work, and extended the time for completion to August 15, 1921."

There was conflicting evidence touching the point whether the machine was so designed that it could be completed to function as required by the contract. There was no evidence to the effect that the written contract was performed.

The contract as set out in the record is absolute and unconditional in its terms. In substance and effect, it was to reconstruct and complete the machine so that it would automatically perform the specified work. There is no reference in the contract as printed in the record to drawings to be furnished by the defendant to the plaintiff. Even though the difficulties in the way of the performance of the written contract according to its terms were insuperable, the court cannot relieve the plaintiff from the absolute bargain which it saw fit to make. It must perform the contract or fail in its action. The case on this point is within the authority of several of our decisions. *Rowe* v. *Peabody,* 207 Mass. 226, 233, 234, and cases there collected. *Wells* v. *Calnan,* 107 Mass. 514. *Boyle* v. *Agawam Canal Co.* 22 Pick. 381. *N. J. Magnan Co.* v. *Fuller,* 222 Mass. 530, 533. The facts are not such as to permit recovery on a *quantum meruit.*

Since the contract was in writing, it must be presumed to

contain the entire agreement of the parties. It cannot be enlarged by oral evidence concerning previous or contemporaneous discussion. *Goldenberg* v. *Taglino,* 218 Mass. 357, 359. *Spevack* v. *Budish,* 238 Mass. 215, 217. *Avondale Mills* v. *Benchley Brothers, Inc.* 244 Mass. 153, 157.

While there was evidence that the time for performance of the contract was subsequently extended by act of the parties and the price to be paid for its completion was enlarged, there was no evidence of subsequent change as to the nature of the main obligation resting on the plaintiff. That remained as written in the contract.

The record is not very satisfactory: but we can decide the case only as presented. It follows that the plaintiff, having failed to perform its contract, cannot recover either on the contract or on the *quantum meruit. Mark* v. *Stuart-Howland Co.* 226 Mass. 35, 43. The first request for ruling ought to have been granted. The action of the Appellate Division was right in ordering a new trial.

The trial judge at the first trial found in favor of the plaintiff. Upon his report pursuant to an appeal by the defendant, the Appellate Division ordered a new trial. The plaintiff appealed from that order. That appeal could not be entered in this court until there had been a new trial as ordered because that order of the Appellate Division was not a final decision. *Real Property Co. Inc.* v. *Pitt,* 230 Mass. 526. The new trial resulted in a finding for the defendant from which the plaintiff did not appeal.

Correct practice required the plaintiff to appeal from that decision to the Appellate Division and then, if its decision was again adverse to him, to bring the entire record to this court. *Matson* v. *Sbrega,* 250 Mass. 138, where the cases are collected. We have, however, preferred to discuss the case on its merits, although in this respect the case at bar is not to be regarded as a precedent. *Commonwealth* v. *McNary,* 246 Mass. 46, 48, and cases there collected. *Diaz* v. *Patterson,* 263 U. S. 399, 402.

*Finding for defendant to stand.*