G. RICHARD PERRY vs. PAN C. ATHENS & others.

Suffolk.　March 26, 1926. — May 28, 1926.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Contract*, Implied: to recover money paid by mutual mistake.

A merchant purchased from a trust company in Boston a "check or draft" drawn by the trust company upon a national bank in the city of New York and payable to a merchant in Greece, and sent it to the payee in part payment of a shipment of oil. The check, indorsed by the payee, was presented to the New York bank, when payment was refused for the reason that a month preceding the drawer trust company had been closed by the commissioner of banks. The Boston merchant did not receive the oil and the drawer trust company had promised the merchant that the check "would not be paid." The Boston merchant proved a claim as a creditor of the drawer trust company for the amount he had paid for the check, stating that the check was "lost in transit," and received a certificate of "proof of claim" certifying that he had duly proved and that he was a creditor of the drawer trust company. Five months after the presentation of the check to the New York bank, the assets of the drawer trust company under decree of the Supreme Judicial Court were sold to another trust company, which assumed all its debts and liabilities, and the same day a national bank in Boston presented the check to the purchasing trust company and it was paid. Eight days later, not knowing of the payment of the check, the Boston merchant presented his proof of claim to the second trust company and told its treasurer, who also did not know of the previous payment, to make sure "that . . . [the draft] was not paid," and received assurance that it would not be paid if it came in. The merchant then received payment of the amount of his claim. The second trust company assigned its rights in the circumstances to one who brought suit to collect the amount paid by the second trust company from the merchant, claiming that the payment to him was made under mutual mistake. *Held*, that

(1) After the payment of the draft, the defendant had no right to recover the money he had paid for it;

(2) The fact that the defendant had received a certificate for proof of claim, in the absence of proof that the court had ordered payment of that claim, was not conclusive in his favor;

(3) The second trust company, having paid the legal holder of the draft before the defendant's certificate was presented, in paying the defendant acted under a mutual mistake of fact, and the plaintiff therefore could recover from the defendant.

BILL IN EQUITY, filed in the Superior Court on March 24, 1922, to reach and apply in payment of a claim against the

defendant Pan C. Athens certain interest of his in stock of corporations also made defendants.

In the Superior Court, the suit was referred to a master and afterwards was heard by *Lawton*, J., upon the report and an agreed statement of facts. Material facts are stated in the opinion. By order of the judge, a final decree was entered dismissing the bill. The plaintiff appealed.

*F. F. Collier*, for the plaintiff.

*J. E. Wilson*, for the defendant.

CARROLL, J. On September 8, 1920, the Fidelity Trust Company was doing business as a trust company. September 28 of that year it was closed by order of the commissioner of banks. April 7, 1921, it was decreed by the Supreme Judicial Court that all its assets be sold to the Liberty Trust Company and that that company assume all liabilities of the Fidelity Trust Company. On April 18 this transaction was carried out. The plaintiff is the assignee of the Liberty Trust Company. The defendant Pan C. Athens will be referred to as the defendant.

On September 8, 1920, the defendant purchased from the Fidelity Trust Company "a check or draft made by the Fidelity Trust Company, and drawn upon the Irving National Bank of New York" in the sum of $3,500 payable to one Galanopoulos, a resident of Greece, in part payment of a shipment of olive oil. The defendant sent the check by mail to Galanopoulos. The draft, bearing the indorsement of Galanopoulos to another person, and the indorsement of that person to the Commercial Bank of Greece, and its indorsement to the National City Bank of New York, "was returned to America, reaching the Irving National Bank" on November 9, 1920, where payment was refused because the drawer was in the hands of the bank commissioner.

The defendant has not received the shipment of olive oil. He went to the office of the Fidelity Trust Company and requested it not to honor the draft, and was told by the employees that if the draft came in "it would not be paid." In January, 1921, he signed a proof of claim for $3,500 containing the statement "Check lost in transit"; at this time he surrendered the purchaser's receipt given him when he

purchased the draft, and shortly afterwards he received a certificate "of proof of claim" certifying that he had duly proved that he was a creditor of the Fidelity Trust Company in the sum of $3,500.

On April 18, the day upon which the sale to the Liberty Trust Company was carried out and the business of the Fidelity Trust Company taken over by the Liberty Trust Company, the Second National Bank of Boston, as the collecting agent of the National City Bank of New York, received payment on the draft from the Liberty Trust Company on presentation, and surrendered the draft, placing thereon the indorsement of the Second National Bank. On April 26, the defendant presented his certificate of proof of claim to the Liberty Trust Company and requested its treasurer and assistant treasurer to make sure "that . . . [the draft] was not paid. He was assured [by them] that if it came in, it would not be paid." He was then paid "the amount called for in his certificate of proof of claim with interest."

The agreed statement of facts shows that the payment of the original draft on April 18 was unknown "to all the persons concerned in the transaction of April 26, 1921, when the Liberty Trust Company paid the defendant the . . . sum of $3,540.83." It also was agreed that the Liberty Trust Company "paid this item twice . . . innocently, and by mistake or inadvertence." When the defendant was paid he signed an agreement stating the check had been "either lost or destroyed" and guaranteeing the trust company against any loss "to which you may be put . . . meaning to protect you in case said check should be presented for payment." This suit in equity is to recover the payment made to the defendant which, it is agreed, was made by mistake.

When the defendant presented his certificate of proof of claim to the Liberty Trust Company and was paid the sum of $3,540.83, he did not know and the trust company did not know that the draft had already been paid. He supposed the draft had been lost, and apparently all the parties believed this to be so. If the Fidelity Trust Company had con-

tinued in or resumed business, and under the circumstances shown it had paid this money to the defendant, there being a mutual mistake, it could recover the money so paid. See *Haven* v. *Foster,* 9 Pick. 112; *Gould* v. *Emerson,* 160 Mass. 438. The Liberty Trust Company agreed to pay all the debts of the Fidelity Trust Company and assumed all its liabilities; the Liberty Trust Company agreed to pay this draft which the Fidelity Trust Company had drawn. The payee's indorsement appears on the draft as does the indorsement of all indorsees, and there is nothing to show that the payee has not received the money due him under the draft.

The facts in *Beecher* v. *Cosmopolitan Trust Co.* 239 Mass. 48, are different from the facts in the present case. In the *Beecher* case the bank's undertaking with the plaintiff was to have funds in Roumania to meet the order it had sold the plaintiff, and the failure to perform by the bank gave rise to an action of contract by the plaintiff. In the case at bar the indorsements of the payee and all intervening parties were on the draft, and when the draft was finally paid, it bore the indorsement of the Second National Bank. It does not appear that the payee was not paid when he indorsed the draft; and as the draft was finally paid by the Liberty Trust Company after it had taken over the assets and assumed the liabilities of the Fidelity Trust Company, the contract with the defendant was not broken, and the *Beecher* case is not applicable.

After the payment of the draft, the defendant had no right to recover the money he had paid for it, and we need not consider what rights he might have had before payment was actually made; see *American Express Co.* v. *Cosmopolitan Trust Co.* 239 Mass. 249, 253, where the purchaser of the dishonored draft was a party to it and was itself the payee.

The defendant's claim was allowed and he received a certificate of proof of claim before the draft was presented to the Liberty Trust Company and paid by it. But this fact does not help the defendant under the circumstance here disclosed. It does not appear that any decree of the court was entered with reference to this claim. As was said in *Commissioner of Banks* v. *Commonwealth-Atlantic National*

*Bank of Boston*, 248 Mass. 302, at page 309, "The liquidation statute makes no definite provision as to the issuance by the commissioner of banks of a certificate of proof of claim touching claims which he thinks are just. But there is no legal objection to that course. When in unqualified form it affords convenient evidence that probably the claim will be listed in court and, if no further objection is raised, ultimately its owner will receive his equitable share in the assets of the trust company." The mere allowance of the claim was not final. The trust company paid the legal holder of the draft before the defendant's certificate was presented, and paid the defendant acting under a mutual mistake of fact; the plaintiff therefore can recover.

As the plaintiff can recover for the reasons stated, we have not thought it necessary to consider the effect of the defendant's agreement of April 26, guaranteeing the plaintiff against loss.

The decree is to be reversed, and a decree entered for the plaintiff.

*Ordered accordingly.*