ALBERT R. WHITTIER *vs.* MAURICE E. GOLDBERG.

SAME *vs.* SAME.

SAME *vs.* SAME.

Suffolk.   January 13, 1931. — January 28, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Landlord and Tenant,* Construction of lease.  *Evidence,* Extrinsic affecting writing.

Under the provisions of a lease of real estate for a term of ten years, the lessee deposited $5,000 in certain banks in the name of the lessor, it being agreed: "If, at the termination of this lease, as herein provided, all rent and other payments due hereunder shall have been paid in full, and the lessee shall have performed and observed all of his other covenants and agreements herein contained," the deposit and interest should be paid to the lessee, "but otherwise such portion of ·said" amount "as shall equal the amount of any rent, damages or other amounts or charges due hereunder shall be and become the property of the lessor, and the balance, if any, shall be repaid by the lessor to the lessee." The lessee made no payment of rent during three months of the third year of the term, and, in an action by the lessor for such rent, begun before the end of the fourth year of the term, pleaded payment, admitted at the trial that no payment of rent and other charges for the three months above referred to had been made "except by the automatic application of the deposit" and offered evidence that at the time of signing the lease he had agreed with the plaintiff that, if rent was not otherwise paid when due, it was to be paid by the application at that time of so much of the deposit as was then needed to pay such rent. The evidence was excluded and a verdict ordered for the plaintiff. *Held,* that
   (1) The provisions of the lease were plain and free from ambiguity; they showed that the deposit was made as security for performance by the defendant of the conditions of the lease and was to remain in the banks for that purpose until the termination of the lease: the deposit could not properly be considered a payment of rent in advance;
   (2) The offered evidence tended to vary the express terms of the lease and properly was excluded;
   (3) The verdict properly was ordered for the plaintiff.

THREE ACTIONS OF CONTRACT for rent under a lease. Writs in the Municipal Court of the City of Boston dated January 2, January 30, and March 3, 1930.

On removal to the Superior Court, the actions were tried together before *Walsh,* J. Material evidence is stated in the opinion. The judge, on motion by the plaintiff, ordered a verdict in his favor in each action in the sum of $508.45. The defendant alleged exceptions.

*W. M. Blatt,* for the defendant.

*J. G. Bryer,* for the plaintiff.

CROSBY, J. These are three actions arising under a written lease for rent therein reserved for the months of December, 1929, and January and February, 1930. A copy of the lease is attached to the defendant's bill of exceptions. It was for a term of ten years beginning with February 14, 1927. The defence of payment is pleaded in the answers, and raises the only questions presented for decision.

The lease contains the following clause: " The lessee as one of the conditions of this lease has deposited Five thousand (5,000) dollars in the name of the lessor, of which Twenty-five hundred (2500) dollars is deposited with the Liberty Trust Company of Boston, and Twenty-five hundred (2500) dollars is deposited with the Bank of Commerce & Trust Company of Boston. If, at the termination of this lease, as herein provided, all rent and other payments due hereunder shall have been paid in full, and the lessee shall have performed and observed all of his other covenants and agreements herein contained, then, and in that event the said sum of Five thousand (5,000) dollars plus any interest allowed by said Liberty Trust Company of Boston and Bank of Commerce & Trust Co. of Boston shall be repaid by the lessor to the lessee, but otherwise such portion of said Five thousand (5,000) dollars plus any interest allowed by said Liberty Trust Company of Boston and Bank of Commerce & Trust Company of Boston as shall equal the amount of any rent, damages or other amounts or charges due hereunder

shall be and become the property of the lessor, and the balance, if any, shall be repaid by the lessor to the lessee."

The deposit provided for in the foregoing clause was made by the defendant, and all rent and other charges due under the lease, except the rent for which these actions are brought, were paid when due. The defendant admitted at the trial that no payment of rent and other charges for the months above referred to had been made " except by the automatic application of the deposit." He made an offer of proof that he would testify, if permitted, that at the time of signing the lease he had agreed with the plaintiff that if rent was not otherwise paid when due it was to be paid by the application of so much of the deposit as was then payable when and as it became due. The trial judge refused to allow the evidence offered and the defendant excepted. The plaintiff moved for a directed verdict in his favor for the amount alleged in the declaration to be due, waiving interest; this motion was allowed subject to the defendant's exception. The only questions presented by the bill of exceptions are whether the defendant's offer of proof was rightly excluded, and whether a verdict was properly directed in the plaintiff's favor.

It is obvious that the provisions in the lease above referred to provided for the deposit by the defendant of $5,000 as security for the performance by the lessee of the conditions and covenants contained in the lease. By its provisions the money to be deposited in the banks was to remain on deposit until the termination of the lease, and was then to be returned to the defendant, less any unpaid rents or charges then due. The words of the lease are not open to doubt as to their meaning; they are plain and free from ambiguity. The deposit cannot properly be construed as payment of the rent in advance, as the defendant contends. That the money was deposited as security for the performance of the conditions of the lease is too plain for extended discussion. The offer of proof, if admitted, would have permitted the defendant to have the monthly rent, and the charges reserved, automatically

applied in payment thereof, which would have been contrary to the express terms of the lease. It is well settled that an oral agreement made by the parties, prior to or at the time the lease was signed, to vary or control its plain terms is inadmissible, and the trial judge in effect so ruled. "The evidence as to the contents of the preliminary agreement for the lease was properly excluded under the familiar rule that when a contract is formally reduced to writing, without fraud or mistake, and is signed, all previous or contemporaneous discussions and memoranda are either rejected or embodied in it, which alone expresses the agreement." *Perry* v. *J. L. Mott Iron Works Co.* 207 Mass. 501, 505–506. *Snider* v. *Deban,* 249 Mass. 59, 61. *Nelson* v. *Hamlin,* 258 Mass. 331, 340. The cases of *Sutton* v. *Goodman,* 194 Mass. 389, and *Hall* v. *Middleby,* 197 Mass. 485, cited by the defendant, are distinguishable from the case at bar. As there was no error of law in excluding the proffered testimony, or in directing a verdict for the plaintiff, the entry in each case must be

*Exceptions overruled.*