HENRY S. MOODY, trustee, *vs.* TOWN OF WEYMOUTH.

Suffolk.    May 15, 1931. — June 30, 1931.

Present: CROSBY, PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Contract,* What constitutes, Unilateral, Construction, Performance and breach, Termination.

There being no public water supply in over fifteen hundred lots, into which certain land in a town was subdivided for camps, small houses and summer places, the owner signed and delivered to the town a writing containing seven numbered paragraphs. The first paragraph contained a provision that the owner "hereby guarantees to said Town . . . for a period of five years . . . said Town shall receive the sum of seven per cent per annum upon the actual cost of construction for such water pipe and water main as it may lay or cause to be laid or constructed to and through said" property. In the next five paragraphs were agreements by the owner to make necessary extensions subject to the supervision of the water commissioners of the town without expense to the town, to maintain the pipes in a condition satisfactory to the commissioners and to pay the expense of shutting off and turning on the water each year; to procure and furnish to the town all permits necessary for the town to go upon the land to lay the pipes or mains and to make repairs or to remove such pipes or mains; to indemnify the town for any cost or liability that might arise on account of said pipes or mains whether to persons or property; to furnish necessary plans and profiles of streets; and that houses constructed on the property should be connected for water as soon as built. In the seventh paragraph the plaintiff agreed to furnish a bond as security for the performance of "the agreement and guarantee." The writing was not signed in behalf of the town. The owner furnished cash in a savings bank deposit in lieu of the bond. More than ten years later the owner in an action of contract against the town sought the return of his deposit. It appeared that nearly two thirds of the lots had been sold by the plaintiff; that water from the town's water system had been made available to about one third of the lots; and that some eighty persons were using the water. The defendant agreed in open court that there had been no breach of the terms of the writing by the plaintiff. A verdict was ordered for the defendant. *Held,* that

(1) Although the writing was not signed by the defendant and contained no promise by it, a binding contract arose when the defendant accepted the writing by acting in accordance with its terms and when the plaintiff availed himself of the benefits of having the water pipes laid;

(2) Although the guaranty recited in the first paragraph of the writing expired at the end of five years, the agreements in the second to sixth paragraphs, inclusive, were separable therefrom and plainly were not limited to five years or to any definite time;

(3) The agreements in the second to the sixth paragraphs, inclusive, had not been performed fully; and still bound the plaintiff;

(4) The fact that no definite time was fixed when the agreements entered into by the writing were to terminate did not render them invalid nor relieve the plaintiff;

(5) The defendant was entitled to retain the deposit as security for full performance by the plaintiff of the second to sixth paragraphs, inclusive;

(6) The verdict properly was ordered.

CONTRACT. Writ dated August 8, 1927.

In the Superior Court, the action was tried before *Donahue*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*C. J. Redmond*, for the plaintiff.

*F. G. Bauer*, for the defendant.

CROSBY, J. This is an action of contract to recover $2,000, deposited with the defendant as security for the performance of a written agreement. In 1917 the plaintiff was the owner of a tract of land situated in Weymouth. He subdivided the land into fifteen hundred thirty-three lots and began to sell them for the erection of camps, small houses and summer places. There was no public water supply on the land and, as a result of negotiations with the officers of the town, the plaintiff signed and delivered to the defendant a writing dated April 26, 1917, and entitled "Agreement by Henry S. Moody, Trustee, that the town of Weymouth shall receive an income of seven per cent on costs and construction of extending town water to Idlewell." The writing was not signed by the defendant. It recites in substance that: "Whereas said Town of Weymouth is willing to extend and lay the necessary pipe or water main to and through said property, provided it may be secured as to receiving an annual return equal to seven percent of the actual cost of such extension and laying said pipe or water main for a certain definite period"; (1) the plaintiff "hereby guarantees to said Town of Weymouth for a period of five years from June 1, 1917 said

Town shall receive the sum of seven per cent per annum upon the actual cost of construction for such water pipe and water main as it may lay or cause to be laid or constructed to and through said Idlewell property and he hereby covenants and agrees that he will pay in advance to said Town of Weymouth on or before June 1st in each year for the period of five years thence next ensuing from June 1, 1917 such sum of money as may be necessary to make or constitute said seven per cent per annum after crediting to him of such water rates as annually may be paid to said Town by water takers on said Idlewell property. First payment to be based on an estimated cost of $7000. and paid on or before June 1, 1917"; (2) the plaintiff agrees to make necessary extensions subject to the supervision of the water commissioners of the town without expense to the town, and to maintain the pipes in a condition satisfactory to the commissioners, pay the expense of shutting off and turning on the water each year and to allow the town to purchase the extensions at any time at their then value; (3) the plaintiff agrees to procure and furnish the town with all permits necessary for the town to go upon the land to lay the pipes or mains and to make repairs or to remove such pipes or mains; (4) the plaintiff agrees to indemnify the town for any cost or liability that may arise on account of said pipes or mains whether to persons or property; (5) the plaintiff agrees to furnish plans and profiles of streets through which pipes or mains are to be laid showing the present and proposed grade established by the selectmen before the pipes or mains are laid; (6) the plaintiff agrees that houses constructed on the property shall be connected for water as soon as built; and (7) the plaintiff agrees to furnish the water commissioners for the benefit of the town a satisfactory bond in the penal sum of not less than $2,500 as security for the performance of "the agreement and guarantee" herein contained on the part of said Moody. By a subsequent agreement instead of giving the bond above referred to as security, the plaintiff deposited the sum of $2,000 in the savings department of a trust company and

delivered the bank book to the board of water commissioners of the defendant town, which gave the plaintiff a receipt for the deposit. The receipt recites that the deposit is to be used to guarantee the fulfillment of "all terms and conditions which the said Moody has agreed to in an agreement with the said Town dated April 26, 1917."

There was evidence that on August 8, 1927, (the date of the writ) a little more than one third of the total area had available water and that on June 1, 1922, thirty-one persons were taking water, and on August 8, 1927, eighty-two persons were using the water. There was also evidence that after the contract was executed and before August 8, 1927, some of the persons living on the land stayed there the entire year, and by agreement between the parties to this contract deep water service was installed in a few streets, and that certain of these streets had been accepted by the town; that all the streets on the tract as shown by the plan in length were slightly over nineteen thousand feet; that approximately twelve hundred lots were available for building purposes; that the plaintiff had sold before August 8, 1927, about one thousand lots; that each house erected on the property covered at least two lots and in some cases three or four lots were used by the owner. It was agreed in open court by counsel for the defendant that up to the date of the writ there had been no breach by the plaintiff of any of the provisions of the agreement.

The bill of exceptions contains all the facts and evidence material to the issues presented. The defendant at the close of the evidence filed a motion for a directed verdict, which was allowed subject to the plaintiff's exception.

It is the contention of the plaintiff that the entire agreement came to an end at the expiration of five years from June 1, 1917, and that he is now entitled to recover back the amount of his deposit. The defendant contends that, although the guaranty contained in paragraph numbered 1 has expired, the agreements contained in paragraphs numbered 2–6, both inclusive, are still in force and that it is entitled to retain the security to protect itself from loss on these several agreements.

The instrument in question is a unilateral contract and contains no promise or obligation to be performed by the defendant town. *First National Bank* v. *Watkins,* 154 Mass. 385, 387. The town having accepted and acted upon the plaintiff's offer in accordance with its terms, and the plaintiff having availed himself of the benefit of the contract by having the water pipes laid, he is bound by all its terms. *Averill* v. *Boston,* 193 Mass. 488, 494. It is well settled that in the interpretation of contracts "every word and phrase must be presumed to have been employed with a purpose, and must be given a meaning and effect whenever reasonably possible." *Clark* v. *State Street Trust Co.* 270 Mass. 140, 155. The agreement is free from ambiguity. *Whittier* v. *Goldberg,* 274 Mass. 335. Whenever a question arises as to the meaning of a written instrument it is necessary to examine its language and "to ascertain the circumstances surrounding the parties at the time of its execution; and while there are certain general rules applicable to the matter, still each case must be decided upon its own peculiar facts." *Brown* v. *Cushman,* 173 Mass. 368, 371. *Cutler* v. *United Shoe Machinery Corp.* 274 Mass. 341, 346. The instrument in question plainly differentiates between what the plaintiff guarantees in paragraph numbered 1 and what he agrees to be bound by in paragraphs numbered 2–6, both inclusive. Although the guaranty recited in paragraph numbered 1 expired at the end of five years from June 1, 1917, the agreements plainly were not limited to five years or to any definite time. These agreements in their nature are such that they might and probably would extend for a period of time beyond five years. The agreements of the plaintiff that he will maintain the pipes in a condition satisfactory to the water commissioners, that he will turn off the water and drain the pipes in the fall, and will turn on the water and flush the pipes in the spring are duties devolving upon him respecting which the five-year limitation has no application. The liability that may arise on account of water mains or pipes, and for which he agreed to indemnify the town, may arise at any time. The pipes laid up to the time the action was brought had been laid in only

about one third of the property. The requirement that the streets shall be cut and filled to a finished grade before pipes are laid plainly shows that it was not the intention of the parties that the liability of the plaintiff should be limited to five years. It follows that the agreements of the plaintiff in paragraphs numbered 2–6, both inclusive, have not been fully performed, or are not now inapplicable. We are of opinion that they are in full force and effect and are binding upon the plaintiff. The fact that no definite time is fixed when the agreements entered into by the instrument are to terminate does not render them invalid or relieve the plaintiff. See *McKim* v. *Williams*, 134 Mass. 136; *Thayer* v. *Keyes*, 136 Mass. 104. In *Drummond* v. *Crane*, 159 Mass. 577, an action of contract whereby the defendants' intestate agreed to enter into a formal contract by which he was to take certain water for a period of ten years and the plaintiff accepted the offer, just before the water was ready for delivery the defendants' intestate died. It was held that the obligation of the intestate survived to his administrators. In that case it was said by Holmes, J., at page 579: "Very possibly he [the intestate] did not think of the chance of his dying, and might have hesitated if the present aspect of his contract had been called to his attention. But the circumstances and the words used gave notice of the extent of the obligation which he was entering into, and if we are to conjecture, it is as probable as anything else that the plaintiff would not have accepted less than by our construction he got." If in the case at bar the plaintiff desired to have the entire agreement terminate within a definite period of time it was his duty so to stipulate; in the absence of such a provision the contract remains in force until legally terminated. As was said in *N. J. Magnan Co.* v. *Fuller*, 222 Mass. 530 at page 533: "If it turns out that he has agreed to do something which is impossible or impracticable, he cannot for that reason alone refuse to go forward. Having made his contract, he must fulfil it or bear the consequences of a breach." *Beacon Tool & Machinery Co.* v. *National Products Manuf. Co.* 252 Mass. 88, 90, and cases cited.

The contention of the plaintiff that the contract in its

entirety is solely one of guaranty is not tenable. Although paragraph numbered 1 contains a guaranty limited to a period of five years, that the town shall receive the sum of seven per cent per annum upon the actual cost of constructing such water pipe or water main as the town may lay or cause to be laid through the property, that is not the force and effect of the agreement. As previously pointed out, in other paragraphs the plaintiff obligates himself to other responsibilities and liabilities. The contract is not entire in the sense that the plaintiff's whole agreement was to guarantee seven per cent per annum on the cost of construction for a period of five years. By its terms the contract was separable, and must be so construed. In this respect the case is governed in principle by what was said in *Barlow Manuf. Co.* v. *Stone*, 200 Mass. 158, at page 160. It was there stated that the "general rule is that where the part to be performed by one party consists of several distinct and separate items and the price to be paid is apportioned to each item . . . the contract may and will be regarded as severable. And this rule holds true, even though the contract may be in a sense entire, if what is to be paid is clearly and distinctly apportioned to the different items as such, and not to them as parts of one whole." The intention of the parties as evidenced by the agreement is plain and the contract was separable. *Fairfield Holding Corp.* v. *Souther*, 258 Mass. 540, 543. *McNulty* v. *Whitney*, 273 Mass. 494, 502.

The plaintiff also argues that the agreement was to be operative only for a reasonable time, and that what was a reasonable time was a question for the jury to determine, citing *Zeo* v. *Loomis*, 246 Mass. 366. The facts in that case are plainly distinguishable from those here presented. When this action was brought only a little more than one third of the total area had water available for use, and at that time there were only eighty-two persons taking water, although about one thousand lots had been sold. In these circumstances paragraphs numbered 2–6, both inclusive, of the agreement are applicable. As these paragraphs are in full force and are binding upon the plaintiff it is unnecessary to

decide at this time when or under what circumstances the plaintiff will be absolved from liability.

The defendant's motion for a directed verdict was rightly granted.

*Exceptions overruled.*