GADSBY, P. J.
This is an action of tort in which the plaintiff seeks to recover for personal injuries and property damage suffered as the result of an accident between two motor vehicles on April 9, 1947.
The defendant claims to be aggrieved by the action of the trial judge in allowing the plaintiff’s motion for a new trial. The report before us is based on the allowance of that motion.
This report is here prematurely. The order for a new.trial is not a final decision. The cause is not otherwise ripe for judgment as provided in G.L. c. 231, § 109. As was said in Beacon Tool Co. v. Nat. Co., 252 Mass. 88, 91. “The appeal could not be entered in this court until there had been a new trial as ordered because the order of the Appellate Division was not a final decision.” Demers v. Scaramella, 250 Mass. 430, 431: “The case is here prematurely. Appeal does not lie immediately to this Court from such an order. It is not a final decision. The new trial must be had.” Real Property Co., Inc. v. Pitt, 230 Mass. 526.
The aggrieved party must await the result of a new trial before any action could be taken by this court on his alleged grievance due to the granting of a *[164] motion of a new trial. It could be that the new trial might result in a finding favorable to the aggrieved party in which case his objections would become moot.
Joseph A. DeGuglielmo, Atty. for Plaintiff.
Willard, Allen & Mulkern, Attys. for Defendant.
The report is therefore dismissed' as being prematurely before us.